USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/07/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

In re OMEPRAZOLE PATENT LITIGATION      :      M-21-81 (BSJ)
                                               MDL Docket No. 1291
-------------------------------------:

ASTRAZENECA AB, et al.,                 :

                      Plaintiffs,       :      00 Civ. 6749(BSJ)

                                        :

MYLAN LABORATORIES INC., et al.,        :

                      Defendants.       :

-------------------------------------x

ASTRAZENECA AB, et al.,                 :

                      Plaintiffs,       :      03 Civ. 6057(BSJ)

                                        :

LABORATORIOS DR. ESTEVE, S.A., et al.,  :

                                        :

                      Defendants.       :      **Opinion and Order**

-------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On July 24, 2008, Defendants Mylan Laboratories Inc., et
al., and Laboratorios Dr. Esteve, S.A., et al. ("Mylan/Esteve"),
submitted to the Clerk of Court a Bill of Costs, pursuant to 28
U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and
Rule 54.1 of the Local Civil Rules of the United States District
Court for the Southern District of New York, against Plaintiffs
Astrazeneca AB, et al. ("Astra"), in the amount of $376,810.79.
Mylan/Esteve subsequently amended their Application to request a
total of $377,180.26 ("Amended Bill of Costs"). On August 24,
2012, the Clerk of Court entered judgment in favor of
Mylan/Esteve in the amount of $166,068.43, which is the amount
of requested costs to which Astra did not object. For the

1

reasons stated below, the Court GRANTS the remainder of
Mylan/Esteve's request to tax costs subject to the limitations
set forth in this Opinion.

## BACKGROUND

On June 18, 2007, the Court entered judgment in favor of
Mylan/Esteve against Astra.  The Federal Circuit affirmed the
judgment on July 1, 2008.  Mylan/Esteve submitted their request
to tax costs against Astra on July 24, 2008.  Astra submitted
objections to the Application on August 25, 2008, Mylan/Esteve
replied to those objections on September 18, 2008, and Astra
filed a surreply in opposition to Mylan/Esteve's requested costs
on October 3, 2008.

On June 28, 2010, the Court issued an Opinion and Order
("June 2010 Opinion") granting Astra's application to tax costs
against three of the First Wave defendants[1], which addressed the
proper methodology for determining the appropriate taxable costs
in this litigation.  Specifically, the Court found that "because
'the claims and defenses of each defendant in the litigation
were inextricably intertwined, it is practically
impossible . . . to accurately divide the deposition or trial
testimony into portions attributable to individual defendants.'"

---

[1] The Court deemed Astra the prevailing party against Andrx Pharmaceuticals,
Inc. ("Andrx"), Cheminor Drugs, Ltd., Reddy-Cheminor, Inc., and Schein
Pharmaceutical, Inc. ("Cheminor"), and Genpharm Inc. ("Genpharm").  In its
June 2010 Opinion and Order, the Court granted Astra's application as to
Genpharm, subject to the limitations set forth in the Opinion and Order.

(June 2010 Opinion, slip op. 7 (quoting Astra Reply in Support
of its Costs Application at 4).)  In addition, the Court held
that Astra's request for the cost of witness airfare did not
comply with 28 U.S.C. § 1920(c)(1) because, inter alia, Astra's
documentation was insufficient, as it listed airfare prices at
the time of submission rather than the actual costs at the time
of travel.  (June 2010 Opinion, slip op. 8.)  Finally, the Court
also limited recovery of witness subsistence costs to the
maximum per diem allowance prescribed by the General Services
Administration.  (June 2010 Opinion, slip op. 9.)

On September 4, 2010, the Court issued an Order granting
the prevailing First Wave defendants'[2] motion to vacate and amend
the Judgment Clerk's initial denial of KUDCo's application to
tax costs against Astra ("September 2010 Opinion").  In that
opinion, the Court decided how to reconcile the different
categories of taxable costs laid out in 28 U.S.C. § 1920 and
Local Civil Rule 54.1, concluding that "the Court will tax all
costs enumerated in 28 U.S.C. § 1920 except that, to the extent
that Local Civil Rule 54.1 speaks to a specific cost, its
provisions govern."  (September 2010 Opinion, slip op. 6.)    In

---

[2] The Court found that Kremers Urban Development Co. and Schwarz Pharma, Inc.
(collectively, "KUDCo") were prevailing parties against Astra in the first
wave of litigation.  In its September 2010 Opinion, the Court granted KUDCo's
motion to vacate and amend the Judgment Clerk's denial of KUDCo's application
to tax costs, subject to the limitations set forth in the Opinion.
Subsequently, the Court granted KUDCo's revised application to tax costs,
which comported with the September 2010 Opinion.

addition, the Court responded to Astra's objections to a variety
of KUDCo's requested costs, including photocopy costs, exhibit
copy costs, scanning and coding costs, copy costs for file
histories, prior art and other references, hearing and
deposition transcript costs, daily trial transcript costs,
LiveNote costs, interpreting and translating costs, trial
presentation costs, and witness subsistence and travel costs.

On February 22, 2011, Mylan/Esteve moved to amend their
Bill of Costs in light of the September 2010 Opinion and the
subsequent October 22, 2010, Order granting KUDCo's revised
application to tax costs, which followed the September 2010
Opinion.  On August 21, 2012, the Court so ordered a stipulation
between the parties to award partial judgment in favor of
Mylan/Esteve for all costs to which Astra did not object,
totaling $166,068.43.  The Clerk entered judgment accordingly on
August 24, 2012.

Where applicable, the June 2010 and September 2010 Opinions
will govern the Court's determination of Mylan/Esteve's taxable
costs.

## DISCUSSION

### I. Legal Standard

Costs other than attorneys' fees generally are awarded to
the prevailing party under Federal Rule of Civil Procedure

54(d)(1).  See Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100

(2d Cir. 2006).  Rule 54(d)(1) states in relevant part:

> Unless a federal statute, these rules, or a court
> order provides otherwise, costs-other than attorney's
> fees—should be allowed to the prevailing
> party . . . .  The clerk may tax costs on 14 days'
> notice.  On motion served within the next 7 days, the
> court may review the clerk's action.

However, the term "costs" as used in Rule 54 "includes only

the specific items enumerated in 28 U.S.C. § 1920 (1994)."

Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (citations

omitted).  That statute lists six categories of expenses that

may be taxed as costs: (1) fees of the clerk and marshal; (2)

fees for transcripts necessarily obtained for use in the case;

(3) fees for printing and witnesses' (4) fees for

exemplification and copies where necessarily obtained for use in

the case; (5) docket fees under 28 U.S.C. § 1923; and (6)

compensation of experts and interpreters.  See 28 U.S.C. § 1920.

"After the prevailing party demonstrates the amount of its

costs and that they fall within an allowable category of taxable

costs, that party enjoys a presumption that its costs will be

awarded."  Natural Organics, Inc. v. Nutraceutical Corp., No. 01

Civ. 0384(GBD)(RLE), 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6,

2009) (quotation marks and citations omitted).  However, the

court has authority to review, adjust, or deny an award of

costs, and that decision "is committed to the sound discretion

of the district court." Cosgrove v. Sears, Roebuck, & Co., 191
F.3d 98, 102 (2d Cir. 1999) (quotation marks and citation
omitted).  The Supreme Court has cautioned that "the discretion
given district judges [by Rule 54(d)] to tax costs should be
sparingly exercised with reference to expenses not specifically
allowed by statute."  Farmer v. Arabian Am. Oil Co., 379 U.S.
227, 235 (1964).

**II.  Costs**

As the Court ruled previously, the Court will tax all costs
enumerated in § 1920 except that, to the extent that Local Civil
Rule 54.1 speaks to a specific cost, its provisions govern.
(September 2010 Opinion, slip op. 6.)

Before the Court is Mylan/Esteve's request to tax remaining
costs totaling $204,370.42.  Astra objects to the entire amount.

With regard to its objections, Astra argues generally that
Mylan/Esteve should not be permitted to tax costs for trial and
deposition transcripts concerning claims and defenses that are
unrelated to Mylan/Esteve.  (Astra Objections at 5.)  In its
June 2010 Opinion, the Court held that "because the claims and
defenses of each defendant in the litigation were inextricably
intertwined, it is practically impossible . . .  to accurately
divide the deposition or trial testimony into portions
attributable to individual defendants."  (June 2010 Opinion,
slip op. 7 (citation omitted).)  The Court is of the same

6

opinion with respect to the Second Wave cases and therefore sees
no reason to depart from its previous ruling concerning the
First Wave defendants.  Accordingly, the Court will award all
properly taxable costs requested by Mylan/Esteve, regardless of
whether the testimony related to claims or defenses concerning
Mylan/Esteve.

The Court now turns to the various categories of costs.

## A. Transcript Fees

### 1. Daily Trial Transcripts

Section 1920 provides for taxation of costs related to
printed or electronic transcripts.  28 U.S.C. § 1920(2).  Local
Civil Rule 54.1(c)(1) provides in relevant part that "[t]he cost
of any part of the original trial transcript that was
necessarily obtained for use in this Court or on appeal is
taxable.  Convenience of counsel is not sufficient."

Mylan/Esteve initially requested $45,861.86 in costs for
necessarily obtained trial transcripts.  In their Amended Bill
of Costs, Mylan/Esteve reduced that amount by $35,615.61, which
they assert covers "taxation of the costs of Real Time trial
transcripts and additional deposition transcript services[.]"
(Amended Bill of Costs at 3.)

Astra objects first to a portion of these charges because
it argues they cover costs of unnecessarily obtaining
transcripts that "do not address issues relating to

7

Mylan/Esteve's affirmative case at trial." (Astra Objections at
8.) The Court has already determined that it will not endeavor
to separate portions of trial testimony as related to one
defendant or another. Mylan/Esteve should recover all of its
taxable costs, which include daily trial transcripts.

Astra also objected to Mylan/Esteve's requested charges for
minuscripts, diskettes, and Real Time translations of the daily
trial transcripts, which it argues were not necessarily obtained
for use in the case. (Astra Objections at 7-8.) In the Amended
Bill of Costs, Mylan/Esteve conceded that charges for Real Time
translations were not taxable. (Amended Bill of Costs at 3.)
Because it is unclear to the Court which "additional deposition
transcript services" Mylan/Esteve cut from their original
request, the Court will address Astra's objections to charges
for minuscripts and diskettes.

Mylan/Esteve argue that minuscripts and diskettes were
"used in reviewing and correcting the trial transcript on a
daily basis." (Mylan/Esteve Reply at 5.) Mylan/Esteve further
assert that minuscripts and diskettes were useful because the
case was particularly complex and because it involves testimony
by many non-English speakers. (Mylan/Esteve Reply at 5-6.) The
Court agrees that these services were helpful to the parties;
however, the Court is not persuaded that they were essential to
the production of daily errata sheets. Accordingly, the Court

limits Mylan/Esteve's requested trial transcript costs to the
original transcript charges only, which totals $17,047.36.

### 2. Deposition Transcripts

Local Civil Rule 54.1 provides in relevant part that
"[u]nless otherwise ordered by the Court, the original
transcript of a deposition, plus one copy, is taxable if the
deposition was used or received in evidence at the
trial . . . . Costs for depositions taken solely for discovery
are not taxable."  Mylan/Esteve request deposition transcript
costs in the amount of $164,907.28.[3]

Astra objects that Local Civil Rule 54.1(c)(2) precludes
recovery by Mylan/Esteve of costs related to depositions that
were not used or received in evidence in relation to Astra's
case against Mylan/Esteve and were not used by the Court in
ruling on a dispositive motion concerning Mylan/Esteve.  (Astra
Objections at 12.)  Astra concedes that "[d]esignations in this
case were made in a consolidated manner," and, therefore, all
designated depositions were introduced and received into
evidence against all defendants.  (Astra Objections at 12.)
Astra does not dispute that all of the depositions for which
Mylan/Esteve seek reimbursement were designated and introduced
and received into evidence.  In keeping with the Court's

---

[3] Mylan/Esteve originally requested $164,909.00, but concedes that $2.71 was
erroneously included in that amount.  (Mylan/Esteve Reply at 6 n.4.)

previous decisions, the Court will tax costs against Astra for one original transcript and one copy of all depositions introduced and received into evidence in relation to <u>any</u> party during the trial.

Astra also objects to charges for additional deposition transcript costs, which "include charges for ASCII fees, Rough ASCII fees, Compressed transcripts, Court Reporter fees, Livenote and Real Time fees, Livenote License fees, Audio Headsets, CD Conversions, Video fees, Delivery fees, Early Pages, Night Pages, Exhibit Fees, and Taxes on the whole sum." (Astra Objections at 11.)

Of these categories of fees, the Court finds that only exhibit fees are taxable costs, as exhibits are a necessary part of an original deposition transcript. <u>See</u> <u>Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC</u>, Nos. 01 Civ. 6600(JSR), 01 Civ. 0877(JSR), 02 Civ. 0138(JSR), 2010 WL 3290965, at *8 (S.D.N.Y. Aug. 11, 2010).

Video fees have been deemed taxable where "there was an expectation among the parties that the video of the testimony might be presented at trial[.]" <u>Settlement Funding, LLC v. AXA Equitable Life Ins. Co.</u>, No. 09 CV 8685(HB), 2011 WL 2848644, at *3-4 (S.D.N.Y. July 18, 2011) (quoting <u>Ferrostaal, Inc. v. M/V Tupungato</u>, No. 03 Civ. 4885(MGC), 2008 WL 2796644, at *3 (S.D.N.Y. July 16, 2008)).  Mylan/Esteve do not seek

reimbursement for video fees related to every deposition;
however, they have made no effort to establish with any
specificity that the parties reasonably believed that video
testimony would be used at trial for the depositions for which
they charge video fees.

The Court has previously rejected requests to tax costs for
LiveNote services, (September 2010 Opinion, slip op. 12), and
the same reasoning applies to Real Time costs.  In addition,
courts in this District have determined that court reporter
appearance fees, delivery fees, ASCII and rough ASCII fees are
not taxable.  See e.g., Farberware Licensing Co. LLC v. Meyer
Mktg. Co., Ltd., No. 09 Civ. 2570(HB), 2009 WL 5173787, at *5-6
(S.D.N.Y. Dec. 30, 2009) (finding that fees for expedited
service, delivery costs, appearance fees, and rough diskettes
and/or ASCII disks are not taxable), aff'd, No. 10 Civ. 0384,
2011 WL 2618722 (2d Cir. July 05, 2011)); Yin v. Japan Soc.,
Inc., No. 99 Civ. 4806(HB), 2000 WL 827671, at * 2 (S.D.N.Y.
June 27, 2000).  Finally, the Court is not persuaded that audio
headsets, CD conversions, early pages, and night pages were
essential to obtaining the original transcript and one copy
thereof, which are the only deposition costs taxable under Local
Civil Rule 54.1(c)(2).

Accordingly, the Court will only tax costs against Astra
for the original transcript, one copy thereof, and exhibit fees.

The Court will award to Mylan/Esteve deposition transcript costs in the amount of $109,482.71.

## B. Expenses Incurred Traveling to Depositions Overseas

Under Local Civil Rule 54.1(c)(2), "[c]ounsel's fees and expenses in attending the taking of a deposition are not taxable except as provided by statute, rule (including Local Civil Rule 30.1), or order of the Court."  Mylan/Esteve request $20,359.36 in airfare and travel expenses incurred by counsel for attending court-ordered depositions in foreign countries.  Astra objects to the entire amount, arguing that no statute, rule, or court order authorizes taxing these costs.  (Astra Objections at 14.)

Mylan/Esteve argue that because the Court ordered the depositions, the Court should now order that the travel costs for those depositions are taxable.  (Mylan/Esteve Reply at 12.) The Court disagrees.  There is no reason to view counsel's travel expenses for these depositions as anything other than attorneys' fees, which are not taxable under Local Civil Rule 54.1(c)(7).  See e.g., Sylvester v. City of New York, No. 03 Civ. 8760(FM), 2006 WL 3230152, at *15 (S.D.N.Y. Nov. 8, 2006) (citation omitted).  The Court therefore denies these costs.

## C. Trial Witness Fees, Mileage, and Subsistence

Section 1920 provides for taxation of fees for witnesses. 28 U.S.C. § 1920(3).  Under Local Civil Rule 54.1(c)(3), "[w]itness fees and travel expenses authorized by 28 U.S.C. §

12

1821 are taxable if the witness testifies[4].   Subsistence pursuant

to 28 U.S.C. § 1821 is taxable if the witness testifies and it

is not practical for the witness to return to his or her

residence from day to day."   Under 28 U.S.C. § 1821(c)(1), "[a]

witness who travels by common carrier shall be paid for the

actual expenses of travel" and "[s]uch witness shall utilize a

common carrier at the most economical rate reasonably available.

A receipt or other evidence of actual cost shall be furnished."

Mylan/Esteve have requested trial witness fees in the

amount of $3,292.60.   Astra objects to $289.00 of that amount[5]

because, it argues, Mylan/Esteve seek reimbursement for

appearance fees for two days for one witness (Dr. Lopez) who

appeared only on one day, and returned home the next day.

(Astra Surreply at 7-8 (citing Trial Tr. 2251:22-25).)

Mylan/Esteve point out that at the end of the first day of Dr.

Lopez's testimony, it was agreed to by the parties and the Court

that Dr. Lopez should return the next day to clear up any

disputes about the translation of his testimony, and that on the

next day the Court excused Dr. Lopez because no such disputes

arose between the parties.   (Mylan/Esteve Reply at 13 (citing

Trial Tr. 2245:24-2248:5, 2251:1-2252:2).)   The Court finds that

---

[4] The Court has determined that a witness "testifies" for the purposes of
Local Civil Rule 54.1(c)(2) when he or she testifies at trial.   (See
September 2010 Opinion, slip op. 13.)
[5] Astra initially objected to more of the trial deposition costs, but was
satisfied with Mylan/Esteve's supplemental evidence regarding all but $289.00
of the charges.   (Astra Surreply at 7.)

Dr. Lopez was properly called to testify for a second day, and that his appearance fee is therefore taxable, even though he ultimately did not testify on the second day.

Accordingly, the Court will therefore award Mylan/Esteve trial witness costs in the amount of $3,292.60.

### D. Deposition Witness Fees, Mileage, and Subsistence

Pursuant to Local Civil Rule 54.1(c)(2), "[f]ees, mileage, and subsistence for the witness at the deposition are taxable at the same rates as for attendance at trial if the deposition taken was used or received in evidence at the trial."

Mylan/Esteve seek $8,406.95 in deposition witness travel expenses and attendance fees. Astra objects to $1,849.70 of this amount because, it argues, three depositions for which Mylan/Esteve seek reimbursement were not used or received in evidence at trial. (Astra Objections at 13.) Mylan/Esteve assert correctly that the three depositions were all part of the depositions designated by the parties. (Mylan/Esteve Reply at 13-14.) Because all depositions designated by the parties were introduced into evidence at trial, the Court is satisfied that Mylan/Esteve have demonstrated that the costs associated with the three depositions in question are taxable.

Astra objects also to a small portion of Mylan/Esteve's requested deposition witness costs because the Amtrak ticket purchased for one of Mylan/Esteve's witnesses was a business

14

class ticket, which is not the most economical rate of travel.
(Astra Objections at 16.)   The Court rejects Mylan/Esteve's
argument that the mode of transportation used was "reasonable
and economical compared to other means of travel by common
carrier . . . [and] thus the amount is properly taxable."
(Mylan/Esteve Reply at 14.)   The Court will not tax against
Astra the cost of the business class train ticket because it is
not the most economical rate of travel reasonably available.
See 28 U.S.C. § 1821(c)(1).

Accordingly, the Court will grant Mylan/Esteve deposition
witness costs in the amount of $8,116.95.

### E. Interpreter Fees for Witnesses Whose Fees are Taxable

Section 1920 provides for recovery of costs for
compensation of interpreters.  28 U.S.C. § 1920(6).   "The
reasonable fee of a competent interpreter is taxable if the fee
of the witness involved is taxable."   Local Civ. R. 54.1(c)(4).

Mylan/Esteve request $3,933.85 for interpreting fees.
Astra objects only to $650.00 of that amount which represents
the interpreter fee for Dr. Lopez's second day of trial.   The
Court has already found that the appearance fee for Dr. Lopez's
second day of trial is taxable.   The appearance fee for the
interpreter who appeared at trial in case Dr. Lopez took the
stand is therefore also taxable.   The Court will therefore grant
Mylan/Esteve interpreting fees in the amount of $3,933.85.

15

**F. Translation Fees for Documents Used or Received in Evidence**

"The reasonable fee of a translator is also taxable if the document translated is used or received in evidence."  Local Civ. R. 54.1(c)(4).  Mylan/Esteve have requested compensation for translation fees in the amount of $12,593.30[6], and Astra objects to a portion of these costs.[7]

The costs to which Astra objects relate to the translation of nine documents in French and Spanish, which Astra concedes were used or received in evidence.  (Astra Surreply at 9.) Astra takes issue with the vagueness of Mylan/Esteve's documentation regarding whether the amount invoiced relates only to the nine translated documents that were used at trial. Mylan/Esteve have submitted an attorney declaration that stated that the invoices they submitted "relate to translation fees for documents that were used on Mylan/Esteve's trial exhibit list and documents that were received in evidence at trial." (Pacella Decl. ¶ 9.)  The Court cannot determine from Mylan/Esteve's submissions that all of the documents for which they seek translation costs were used or received in evidence at trial, as required under Local Civil Rule 54.1(c)(4).  The Court will therefore deny that portion of the translation costs.

---

[6] Mylan/Esteve erroneously listed this number as $12,128.90 in their original Bill of Costs.
[7] Astra initially objected to the entire amount requested for translating costs, but withdrew its objection to a portion of the requested costs and now objects only to $5,114.10.

Accordingly, Mylan/Esteve are entitled to recover translation costs in the amount of $7,479.20.

### G. Exemplifications and Copies of Exhibits Used or Received in Evidence

Section 1920(4) provides for taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Local Civil Rule 54.1 addresses specifically costs of copying exhibits: "A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable."  Local Civ. R. 54.1(c)(5).

Mylan/Esteve originally requested costs for exemplifications and copies of all exhibits on their exhibit list in the amount of $3,630.00, and Astra objected to the majority of those charges because not every exhibit listed on the exhibit list was used or received at trial.  (Astra Objections at 18.)  Instead, Astra asserts that Mylan/Esteve are entitled to copying costs only for exhibits that were entered into trial, which totals $230.00.

Mylan/Esteve argue that the Court's February 2, 2006, pretrial order instructed Mylan/Esteve to provide Astra with copies of all exhibits on their exhibit list, and that the associated copying costs are reasonable and should be taxable.

17

(Mylan/Esteve Reply at 16.)   The Court rejects Mylan/Esteve's request to recover photocopying costs for exhibits not used or received at trial.   See Natural Organics, 2009 WL 2424188, at *7 ("[W]ith regard to copying costs, the requesting party must at least specify what portion, if any, of the copying costs were incurred in creating exhibits that were used at trial or received in evidence.") (internal quotation marks and citation omitted and alteration added).   Accordingly, the Court will award only $230.00 in exhibit copying costs.

After the Court's September 2010 Opinion, Mylan/Esteve broadened the scope of copying costs for which it seeks reimbursement beyond trial exhibits.   (Amended Bill of Costs at 3-4.)   Mylan/Esteve now seek to recover an additional $28,874.20 in photocopying costs for one set of the 288,742 pages of documents they produced to Astra in discovery.   (Amended Bill of Costs at 3-4 (quoting September 2010 Opinion, slip op. 7).) Local Civil Rule 54.1 does not address specifically copying costs for non-exhibit documents.   The Court must therefore look to the broader category under 28 U.S.C. § 1920(4), which provides for taxation of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

The Second Circuit has held that photocopying costs may be taxable even if the underlying document was not admitted at

18

trial.  U.S. for Use and Benefit of Evergreen Pipeline Constr.

Co., Inc. v. Merritt Meridian Constr. Corp., 95 F.3d 153,

173 (2d Cir. 1996) (citing M.T. Bonk Co. v. Milton Bradley Co.,

945 F.2d 1404, 1410 (7th Cir. 1991) (photocopying costs which

are reasonably incurred)).  Such costs may be taxed where the

prevailing party provides documentation of what documents were

copied, the number of copies made, the cost per page of copying,

and an explanation of why the copies were necessary.  Tatum v.

City of New York, No. 06 Civ. 4290 (PGG)(GWG), 2010 WL 334975,

at *13 (S.D.N.Y. Jan. 28, 2010) (citations omitted); Lucky Brand

Dungarees, Inc. v. Ally Apparel Res., LLC, No. 05 Civ.

6757(LTS)(MHD), 2009 WL 466136, at *25 (S.D.N.Y. Feb. 20, 2009).

Astra concedes that the copy rate of $.10 per page, which

Mylan/Esteve have used to calculate this additional set of

documents is reasonable.  (Astra Objections at 18.)

Mylan/Esteve have submitted an attorney declaration identifying

the underlying documents by bates number range, including a list

of documents within those ranges, which were omitted from the

production to Astra, (Pacella Second Supp. Decl. ¶ 2), as well

as a memorandum explaining the reason for making copies of the

documents in question (Am. Bill of Costs at 3-4).  The Court is

satisfied that these discovery documents were necessarily

obtained for use in the case and that Mylan/Esteve have provided

19

sufficient documentation and identification of the documents to warrant taxation of these costs.

Accordingly, the Court grants Mylan/Esteve $29,104.20 in photocopying costs, which covers the costs of photocopying exhibits used or received in evidence at trial and one set of documents produced to Astra in response to discovery requests.

### H. Miscellaneous Fees

Mylan/Esteve have requested $33,697.65 to cover two categories of "miscellaneous" costs: (1) costs of computers and other graphical presentation equipment; and (2) costs for the preparation of court-ordered electronic post-trial briefing. Astra objects to the entire amount.

Mylan/Esteve argue that the $5,597.65 they request for computers and graphical presentation equipment are taxable either as miscellaneous costs under Local Rule 54.1(c)(10) or costs related to the preparation of trial demonstratives under Local Civil Rule 54.1(c)(6). (Mylan/Esteve Reply at 17.) Astra objects first that all of the parties agreed to share the cost of rental equipment and therefore Mylan/Esteve should not be allowed to tax their share of those costs. (Astra Objections at 20.) Astra has provided no authority for this assertion, and the Court rejects it.

Astra also argues that Local Civil Rule 54.1(c)(6) prohibits recovery of costs associated with courtroom equipment.

20

(Astra Surreply at 11.)  Astra acknowledges, however, that a
trial court has discretion to allow certain costs related to
trial demonstratives.  (Id.)  Indeed, Local Civil Rule
54.1(c)(6) "simply requires that the Court assess any such
costs, rather than the Clerk, who otherwise determines what fees
should be assessed."  Settlement Funding, 2011 WL 2848644, at
*1.  Courts in this District have applied this discretion to tax
such costs where "the cost is reasonable and the devices aid in
the efficient and effective presentation of evidence[.]"
DiBella v. Hopkins, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005);
see also Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v.
Sobieski Destylarnia S.A., No. 06 Civ. 6510(HB), 2011 WL
2893087, at *7 (S.D.N.Y. July 14, 2011) (taxing portion of
requested costs related to preparation of trial demonstratives
where "the visual aids presented at trial were helpful to the
jury and the court by focusing attention on the salient
documents and concepts"); Farberware Licensing Co., 2009 WL
5173787, at *8 (allowing partial recovery of expenses for trial
consultants who prepared the bulk of the trial graphics
presented at trial, where the visual aids were helpful to the
bench and jury).

During the bench trial in this case, the demonstratives
used by Mylan/Esteve were helpful to the Court and the costs
spent on computers and graphical presentation equipment they

seek are very reasonable.  The Court will grant these requested costs to Mylan/Esteve.

With regard to the requested costs related to production of the hyperlinked post-trial findings of fact and conclusions of law, those costs fall squarely within the category of attorneys' fees, which are not taxable.  Local Civ. R. 54.1(c)(7).

Accordingly, the Court will tax against Astra costs related to computers and graphical presentation equipment, totaling $5,597.65.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Mylan/Esteve's application to tax costs against Astra subject to the limitations set forth in this Opinion.  The Court has determined that $184,054.52 of Mylan/Esteve's requested costs are taxable. Mylan/Esteve are directed to submit to the Clerk of Court a revised application to tax costs against Astra reflecting the Court's rulings within thirty (30) days of this Opinion.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:     New York, New York
           November 6, 2012